their judgments. The case was heard on pleadings and proofs, and the bill was properly dismissed for want of equity. Opinion PER CURIAM. Judge below, GEORGE GARDNER. Attorneys, for appellant, Mr. E. S. WALKER; for appellee, Mr. P. McHUGH. Opinion filed Jan. 27, 1886. ·

No. 139—2253. Ira Brown v. Charles C. Young. This was an action to recover back money paid upon a contract for the purchase of real estate, upon the ground that appellant made false and fraudulent representations to appellee, who was the purchaser, that he owned the property and his title was straight as a string, and would furnish an abstract showing it. After appellant had received $30 of appellee, he let appellee have the abstract, which showed that appellant had no legal title to the property which he had agreed to sell. That appellant knew he had no such title, at the time of the representation, is clear beyond doubt. Upon these facts appellee was entitled to rescind the contract and recover back what he had paid. Opinion PER CURIAM. Judge below, JOHN G. ROGERS. Attorneys, for appellant, Mr. C. STUART BEATTIE; for appellee, Mr. FRED. H. ATWOOD. Opinion filed · Feb. 17, 1886.

No. 133—2247. Edward W. Walker v. George W. Brown. The evidence was sufficient to support the finding of the court below. Opinion PER CURIAM. Judge below, KIRK HAWES. Attorneys, for appellant, Messrs. WILSON & ZOOK; for appellee, Mr. JOSEPH N. BARKER and Mr. F. C. HALE. Opinion filed Feb. 17, 1886.

No. 144—2258. The Curran Mutual Aid and Building Association v. Christopher Murphy. This was an action of assumpsit by appellee against appellant to recover by the former, as a stockholder in the appellant corporation, what had been paid in upon thirty shares of stock, upon a withdrawal from the association upon notice given in pursuance of its by-laws. The case was, upon agreement of the parties, tried by the court without a jury, resulting in a finding and judgment for plaintiff in the sum of $535.20, and defendant prosecutes this appeal. The evidence tended to prove all the necessary elements of the cause of action, and perceiving no substantial error, the judgment is affirmed. Opinion PER CURIAM. Judge below, RICHARD PRENDERGAST. Attorneys,

for appellant, Mr. A. B. BALDWIN and Mr. J. B. RYAN ; for appellee, Mr. JULIUS GOLDZIER. Opinion filed Feb. 17, 1886.

No. 141—2255. Joseph Schwarzendahl et al. v. George W. Beck. Judgment against appellants and in favor of appellee was entered in the court below by confession under a warrant of attorney appended to a promissory note for $390 besides costs. It appears that $50 of that amount was for attorney's fees provided for in the warrant of attorney, the note being originally for $1,320, which had been reduced by payments, to about $340 as claimed by appellee, and nothing due upon it as claimed by appellants. The latter moved to vacate the judgment and be allowed to plead, and filed affidavits which clearly showed a good defense to the note. The court below overruled the motion and from that order this appeal was taken. The court is of opinion after reading all the affidavits that the motion should have been granted, and the order denying it is reversed and the cause remanded with directions to the court below to vacate said judgment and allow the defendants therein to plead. Opinion PER CURIAM. Judge below, ROLLIN S. WILLIAMSON. Attorneys, for appellants, Mr. THEODORE SCHINTZ; for appellee, Mr JOHN S. COOK. Opinion filed Feb. 23, 1886.

No. 143—2257. John Roper et al. v. The Globe Pickle Company. This was assumpsit brought by John Roper and others against the Globe Pickle Company to recover damages for the breach of an alleged contract entered into by the defendant with the plaintiffs, for the sale and delivery to the plaintiffs of a certain number of barrels of pickles at certain specified prices. The defendant pleaded non-assumpsit and set-off, the indebtedness sought to be set off being for goods sold and delivered by the defendant to the plaintiff. The trial was had before the court without a jury, and the issues found for the defendants, and a judgment rendered in their favor on their plea of set-off for $87.65 and costs. The only questions presented are mere questions of fact upon which the evidence is conflicting. The main controversy in the case is as to whether the contract set up in the declaration was ever actually entered into by the parties, and on this question two witnesses, the agents of the respective parties, testified ; and their testimony is directly in conflict. The court finds no cir-